BAKER v. HOLMAN.     (No. 5798.)

(Court of Civil Appeals of Texas. Austin. June 20, 1917.)

1. CARRIERS ⬤133 — SHIPMENTS OF STOCK — EVIDENCE.

In suit for shrinkage of cattle shipped from delay, it was proper to permit testimony of the usual time for shipments over the route of such shipment between the shipping point and destination, although given by a witness who had accompanied only the shipment in suit over such route; it appearing he had accompanied shipments between such points over another route, and that the agent routed the shipment in suit upon application for the most direct route.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 583–587, 606.]

2. CARRIERS ⬤133 — SHIPMENTS OF STOCK — EVIDENCE.

In such action the account sales rendered by the commission company selling the cattle at destination was inadmissible to show their weight when sold, such account sales not being proven by the commission company, as might have been done by showing such weights were entered in their books in the regular course of business at or about the time the cattle were-

weighed, from report then made to them by the party weighing such cattle.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 583–587, 606.]

Appeal from Robertson County Court; J. L. Goodman, Judge.

Action by J. K. Holman against James A. Baker, receiver of International & Great Northern Railway Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Wilson, Dabney & King, of Houston, Doremus, Butler & Henderson, of Bryan, and Perry & Woods, of Franklin, for appellant.

JENKINS, J. Appellee brought suit against appellant to recover damages on account of the shrinkage in the weight of two carloads of cattle alleged to have been occasioned by negligent delay in transporting the same from Franklin, in Robertson county, to Ft. Worth, Tex. The case was tried before a jury on a general charge, and judgment was rendered for appellee.

Appellant assigns error upon the refusal of the court to give peremptory instruction in its behalf, basing the same: First, upon accord and satisfaction; and, second, upon failure of plaintiff to offer any proof as to the difference in the market value of the cattle in the condition in which they were received and in the condition that they would have been received but for such delay.

We do not think that the testimony is conclusive as to accord and satisfaction. The difference in the market value of the cattle in the condition in which they were received and in which they should have been received but for the delay is immaterial, inasmuch as appellee was not seeking to recover upon that theory, but only for the amount of the shrinkage caused by delay. For the reasons stated, the first and second assignments of error are overruled.

We think there is reversible error in the refusal of the court to give either one or the other of the special charges as shown by the third and fourth assignments of error. These charges submitted the issue of accord and satisfaction to the jury. This issue was raised by the evidence, and should have been submitted.

We think there was error also in refusing to give the fifth assignment of error, which was to the effect that, if the jury found in favor of the plaintiff, they should credit the damage found with the sum of $23.25, which the uncontradicted evidence shows to have been paid to plaintiff upon his claim for damages. This amount was paid for a cow that was crippled. The value of said cow is included in the suit for damages herein.

[1] We do not think there was any error in permitting the witness Hawkins to testify as to the usual time for shipments between Franklin and Ft. Worth via the International Railway and the Houston & Texas Central Railroad. While this was the only shipment that he had accompanied over these lines, he had accompanied other shipments over the International and another line from Franklin to Ft. Worth, and knew the time usually consumed in making such shipments. When he applied for cars to the agent of the International, he stated that he wished the cattle to be shipped over the most direct route, and that the agent routed him over the International and the Houston & Texas Central via Hearne. This amounts to a declaration by the International Railway Company that the shipment was by the most direct route, and, if so, certainly it should have been made within as short a time as other shipments were usually made over other connections between the same places. No evidence was introduced by appellant tending to contradict the testimony of the witness Hawkins as to the usual time in which such shipments were made. The fact as to such time was known to appellant, and certainly if the testimony of the witness Hawkins had not been correct it would have introduced some evidence to the contrary. Such objection is purely technical, and does not deserve any consideration at the hands of this court.

[2] Appellant assigns error upon the admission of the account sales rendered to appellee by the commission company at Ft. Worth, which sold said cattle; the purpose of this testimony being to show the weights of the cattle at the time they were sold in Ft. Worth. We sustain this assignment of error. We think it necessary to prove by said commission company that the weights as stated by them in the account sales were correct. This might have been done by showing that such weights were entered in their books in the regular course of business at or about the time the cattle were weighed from reports then made to them by the party weighing such cattle. The account sales tendered, not being proven by the party rendering same, were hearsay as to appellant.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded for a new trial in accordance with this opinion.

Reversed and remanded.